UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN SHIPP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>　　　　Defendants. | No. 2:24-cv-02876-DAD-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES, AND REMANDING THIS ACTION TO THE SACRAMENTO COUNTY SUPERIOR COURT<br><br>(Doc. No. 10) |

　　　　This matter is before the court on plaintiff's motion to remand filed on November 15, 2024. (Doc. No. 10.) On December 16, 2024, the pending motion was taken under submission on the papers. (Doc. No. 14.) For the reasons explained below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

　　　　On August 26, 2024, plaintiff filed this discrimination action against his employer, defendant Wal-Mart Associates, Inc. ("defendant Walmart"); his managers, defendants Rick Eaton and Ryan O'Riordan ("the Individual Defendants"); and unnamed Doe defendants 1–25 in the Sacramento County Superior Court. (Doc. No. 1-3 at 2–4.) On October 17, 2024, defendants removed the action to this federal court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, on the

/////

1

grounds that diversity jurisdiction exists here once the Individual Defendants are disregarded as "sham defendants" for purposes of citizenship. (Doc. No. 1 at 1–4.)

In his complaint, plaintiff asserts the following 12 claims: (1) discrimination on the basis of race, asserted against defendant Walmart; (2) hostile work environment harassment, asserted against all defendants; (3) failure to prevent harassment and discrimination based on race, asserted against defendant Walmart; (4) retaliation, asserted against defendant Walmart; (5) retaliation for whistleblowing in violation of California Labor Code § 1102.5, asserted against all defendants; (6) retaliation for whistleblowing, asserted against defendant Walmart; (7) failure to pay timely wages, asserted against defendant Walmart; (8) failure to provide rest periods, asserted against defendant Walmart; (9) denial of meal periods, asserted against defendant Walmart; (10) failure to pay for all hours worked, asserted against defendant Walmart; (11) failure to reimburse business expenses, asserted against all defendants; and (12) unfair competition, asserted against defendant Walmart. (Doc. No. 1-3 at 7–21.)

On November 15, 2024, plaintiff filed the pending motion to remand this action to the Sacramento County Superior Court. (Doc. No. 10.) Defendant Walmart filed its opposition on November 27, 2024, and plaintiff filed his reply thereto on December 11, 2024. (Doc. Nos. 11, 13.)

## LEGAL STANDARD

### A.     Removal Jurisdiction

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly

construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**B.     Fraudulent Joinder**

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity. *Id*.

When a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046); *see also Avellanet v. FCA US LLC*, No. 19-cv-07621-JFW-KS, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("A claim of fraudulent joinder should be denied if there is *any* possibility that a plaintiff may prevail on the cause of action against an in-state defendant."). The Ninth Circuit has acknowledged that the analysis under Federal Rule of Civil Procedure 12(b)(6) shares some similarities with the fraudulent joinder standard, and that "the complaint will be the most helpful guide in determining whether a

/////

3

defendant has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549. The two tests should not, however, be conflated. *Id.* Therefore,

> [i]f a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

*Id.* at 550. Thus, remand must be granted unless the defendant establishes that plaintiff could not amend her pleadings so as to cure the purported deficiency. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Where "arguments go to the sufficiency of the complaint, rather than to the possible viability of the [plaintiff's] claims . . . they do not establish fraudulent joinder." *Grancare, LLC*, 889 F.3d at 552. "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* at 548.

## ANALYSIS

### A.     Plaintiff's Failure to Serve the Individual Defendants

It is unclear from defendant Walmart's opposition whether it opposes the pending motion to remand on the grounds that plaintiff has not yet served the Individual Defendants. (*See* Doc. No. 11 at 8–9, 26.) In any event, as plaintiff correctly points out in reply, the citizenship of all defendants must be considered in determining diversity jurisdiction, regardless of whether or not those defendants have been served. (Doc. No. 13 at 2) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 1939); *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 77 (9th Cir. 1979)); *see also Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1175 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Rhodes v. Barnett*, 692 F. App'x 834, 835–36 (9th Cir. 2017) ("[U]nserved parties must be considered in determining whether there is complete diversity. Thus, whether this entity was

1   served does not impact the jurisdictional analysis.") (internal citation omitted)[1]; *Siufanua v.*
2   *Marathon Refin. Logistics Servs LLC*, No. 2:24-cv-08768-SPG-JPR, 2025 WL 478405, at *3–4
3   (C.D. Cal. Feb. 11, 2025) (rejecting the defendants' argument that remand was improper where
4   the plaintiff did not serve the individual defendants until after the action was removed to federal
5   court, considering the citizenship of the individual defendants, and finding that the individual
6   defendants were not fraudulently joined).

**B.      Whether the Individual Defendants are Fraudulently Joined**

In its notice of removal, defendant Walmart argues that plaintiff is attempting to defeat diversity jurisdiction by including the Individual Defendants as sham defendants. (Doc. No. 1 at 4.) Defendant Walmart argues that plaintiff's claims asserted against the Individual Defendants all "fail as a matter of law." (*Id.* at 5.) In particular, as to plaintiff's claim for retaliation in violation of California Labor Code § 1102.5, defendant Walmart argues only that courts have consistently found that § 1102.5 does not impose liability on individuals.[2] (*Id.* at 8.) In his pending motion, plaintiff argues that federal courts are split over whether § 1102.5 provides for individual liability, argues that the court should follow the reasoning in the decisions finding that § 1102.5 does permit individual liability, and notes that defendant Walmart did not cite any decisions from California courts addressing this issue. (Doc. No. 10 at 17–21.) In opposition, defendant Walmart contends that, in the absence of a decision from the California Supreme Court addressing this issue, "courts look to district court decisions for guidance." (Doc. No. 11 at 16.) Defendant Walmart further argues that the court should follow the "thorough analysis" of the district court's decision in *Tillery v. Lollis*, No. 1:14-cv-02025-KJM-BAM, 2015 WL 4873111 (E.D. Cal. Aug. 13, 2015) and find that individual liability under § 1102.5 is not permitted. (*Id.* at

---

[1] Citation to the unpublished Ninth Circuit opinions throughout this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[2] Because the court will find that defendant Walmart has failed to meet its heavy burden of showing that there is no possibility that a state court would find that plaintiff states a cognizable claim pursuant to § 1102.5 against the Individual Defendants, and because that finding provides a sufficient basis upon which to deny the pending motion to remand, the court need not—and therefore does not—consider the parties' arguments regarding plaintiff's other claims.

1    16–17.) In reply, plaintiff argues that because the interpretation of § 1102.5 is not settled, even if
2    plaintiff may ultimately fail to state a claim under that statutory provision, defendant Walmart has
3    still failed to show under the lower fraudulent joinder standard that there is no possibility that
4    plaintiff may recover on his § 1102.5 claim brought against the Individual Defendants. (Doc.
5    No. 13 at 5) (citing *Baker v. Sunrise Senior Living*, No. 20-cv-01767-ODW-SK, 2020 WL
6    7640731, at *4 (C.D. Cal. Dec. 23, 2020)).

7          California Labor Code § 1102.5 provides in relevant part that "[a]n employee, *or any*
8    *person acting on behalf of the employer*, shall not . . . prevent[ ] an employee from disclosing
9    information to a government or law enforcement agency . . . ." Cal. Lab. Code § 1102.5(a)
10   (emphasis added). "Historically, courts have consistently held that section 1102.5 precludes
11   individual liability." *Munoz v. Caliber Holdings of Cal., LLC*, No. 24-cv-07341-AB-MAR, 2024
12   WL 4836468, at *3 (C.D. Cal. Nov. 20, 2024). "However, the statute was revised, effective
13   January 1, 2014, to state '[a]n employer or any person acting on behalf of the employer . . . .'" *Id.*
14   (alterations and omissions in original). "Consequently, other courts have determined that there is,
15   at the very least, ambiguity as to whether § 1102.5 permits individual liability—an uncertainty
16   that ought to be resolved in favor of Plaintiff." *Id.* Indeed, while "[t]he overwhelming majority
17   of district courts addressing the merits have found that even after the amendment, § 1102.5 does
18   not impose individual liability on non-employers," "more than a dozen courts considering
19   motions to remand based on fraudulent joinder of individual defendants have determined that
20   state law is unsettled following the 2013 amendment, such that 'as a matter of state law, it is not
21   obvious whether a defendant can or cannot be found personally liable under § 1102.5.'" *Dawson*
22   *v. Caregard Warranty Serv., Inc.*, No. 23-cv-01139-SB-SP, 2024 WL 661198, at *1, 2 (C.D. Cal.
23   Jan. 12, 2024).

24         As the district court noted in its decision in *Dawson*, "[n]either the California Supreme
25   Court nor any intermediate appellate court appears to have considered whether the 2013
26   amendment expands liability for violations of § 1102.5 to permit claims for money damages
27   against individual non-employers." *Id.* at *1. Defendant Walmart does not cite to any decisions
28   by California state courts that even address the question of whether the amended § 1102.5

imposes individual liability, let alone find that it does not do so. Nor has the court located any such authority.[3] The court agrees with the many district courts that have found that it is not settled state law whether or not a plaintiff may bring a § 1102.5 against individual defendants. *See, e.g.*, *Moren v. Nat'l Express Transit*, No. 1:21-cv-01206-AWI-JLT, 2021 WL 5602820, at *2 (E.D. Cal. Nov. 30, 2021) ("California district courts that have considered this exact issue from this particular procedural posture have continually determined that the action must be remanded because, as a matter of state law, it is not obvious whether a defendant can or cannot be found personally liable under § 1102.5.") (collecting over a dozen cases). The level of analysis of the statutory text, legislative history, and likely intent of the California legislature that would be required to interpret the statutory provision at issue here precludes a finding of fraudulent joinder. *Cf. Ulleseit v. Bayer Healthcare Pharms. Inc.*, Nos. 19-15778, 19-15782, 2021 WL 6139816, at *1, 2 (9th Cir. Dec. 29, 2021) ("But fraudulent joinder can be found only when a summary review of the complaint reveals that the plaintiff has no possibility of prevailing on any claim against the non-diverse defendant. . . . [I]t is likely that an analysis of federal law prohibitions on 'misbranding' would be necessary to establish that plaintiffs' state law failure-to-warn claims are subject to impossibility preemption. The need for that additional layer of analysis exceeds what is permissible in this procedural posture.").

Accordingly, plaintiff's motion to remand will be granted. *See Siufanua*, at *3, 4 ("The statutory ambiguity of section 1102.5 is enough to offer a 'glimmer of hope' [to] Plaintiff. . . . This action is remanded to the Los Angeles County Superior Court.").

**C.    Plaintiff's Request for Attorneys' Fees**

Plaintiff seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c) on the grounds that defendant Walmart's removal of this action to federal court was unreasonable. (Doc. No. 10 at 33–34); *see also* 28 U.S.C § 1447(c) ("An order remanding the case may require payment of just

---

[3] The only California authority located by the court since the district court's decision in *Dawson* that is even marginally relevant is *Doutherd v. United Parcel Service, Inc.*, No. H050702, 2024 WL 4941033, at *12 (Cal. Ct. App. Dec. 2, 2024). In that unpublished decision, the California Court of Appeal found that the plaintiff had "not provided any authority for his conclusory assertion that an individual human resources employee may be held liable for violation of" § 1102.5 and had therefore "forfeited the issue." *Id.* at *12.

7

costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The full extent of plaintiff's argument on this point is as follows: "As fully recounted in the Declaration of Maria E. Garcia attached hereto, Walmart's removal was unreasonable given the allegations set forth in the Complaint, which establishes that Defendants Eaton and O'Riordan are not sham Defendants and as such no diversity jurisdiction exists." (*Id.* at 34.) However, nothing in the declaration of Maria E. Garcia, attached as an exhibit to plaintiff's motion and describing plaintiff's attorney's efforts to meet and confer with opposing counsel, provides any basis upon which to find that defendant Walmart was objectively unreasonable in removing this action. (*See* Doc. No. 10-1); *see also Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."); *Martin*, 546 U.S. at 139 ("[A]n award of fees under § 1447(c) is left to the district court's discretion . . . .").

Plaintiff has not cited to any case in which a district court granted attorneys' fees in similar circumstances. To the contrary, several district courts have declined to award attorneys' fees despite granting a plaintiff's motion to remand on the basis of a claim brought against individual defendants pursuant to § 1102.5 destroying diversity. *See, e.g.*, *Moren*, 2021 WL 5602820, at *3 ("Although it grants Plaintiffs' motion, the Court will exercise its discretion to deny Plaintiffs' accompanying request for attorney's fees under 28 U.S.C. § 1447(c). While on-point authority points in one direction, removal here was not objectively unreasonable given the lack of binding authority."); *Karl v. Zimmer Biomet Holdings, Inc.*, No. 22-cv-03435-WHA, 2022 WL 16832404, at *3, 4 (N.D. Cal. Nov. 9, 2022) ("[I]it is 'possible' that a state judge would find that Section 1102.5 provides for individual liability, which is enough to support remand. . . . [The defendant] had a sufficient minimal good faith basis to seek removal. Plaintiff's motion for attorney's fees and costs is denied."); *cf. Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (affirming the district court's denial of attorneys' fees where "Dollar Tree sought removal under a new statute whose meaning had not yet been fleshed out"). No binding authority precludes removal in these circumstances, and in fact, at least one district court has denied a motion to remand on the basis of § 1102.5. *See Dias v. Burberry Ltd.*, No. 21-cv-00192-MMA-

8

JLB, 2021 WL 2349730, at *5 (S.D. Cal. June 9, 2021).  Accordingly, the court declines to award attorneys' fees to plaintiff.[4]

### CONCLUSION

For the reasons discussed above:

1. Plaintiff's motion to remand (Doc. No. 10) is GRANTED;

2. Plaintiff's request for attorneys' fees (Doc. No. 10) is DENIED;

3. This action is REMANDED to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), due to this court's lack of subject matter jurisdiction; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 30, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[4] As noted above, plaintiff advances several other arguments in support of its motion to remand. (*See* Doc. No. 10 at 21–33.)  None of those arguments provides a basis upon which to find that defendant Walmart was objectively unreasonable in removing this action and, as discussed above, plaintiff offers virtually no argument to the contrary.  *Cf. Lussier*, 518 F.3d at 1065 ("But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.").